Dear Ms. Johnson:
You have requested an opinion of the Attorney General relative to the composition of the Orleans Parish Board of Review (Board). You have requested us to review the provisions of R.S. 47:1931 and Board Resolution 99-1, promulgated on August 1, 1999, as they relate to your capacity as a nonvoting advisor to the Board.
R.S. 47:1931 provides with respect to membership on the parish Boards of Review, in pertinent part, as follows:
 § 1931. Membership
 Assessments throughout the state shall be subject to review by boards of reviewers, consisting of the governing authorities in each parish, except the parish of Orleans. In the parish of Orleans, the board of reviewers shall consist of the following: the mayor of New Orleans, as chairman, together with other members of the city government, a member of the Board of Liquidation or an executive employee thereof and a member of the Sewerage and Water Board or an executive employee thereof, which board members or executive employees shall be designated by said respective boards, the president of the Board of Levee Commissioners of the Orleans Levee District or an executive employee thereof and the president of the Orleans Parish School Board or an executive employee thereof . . . In the parish of Orleans, the assessor of the municipal district wherein the property is situated shall act in a nonvoting advisory capacity to the board of reviewers, during the hearings on cases involving assessments of property situated in his district. (Emphasis added.)
On August 19, 1999, the Board promulgated Resolution 99-1 which establishes procedures for filing tax assessment appeals with the Board. Paragraph (7) of the Resolution provides:
 (7) At the hearing, the Board or its hearing officer shall consider the information presented on the appeal form. The district assessor and the applicant will be given the opportunity to present evidence with a maximum of 3 minutes allowed for each speaker. It is not necessary for the applicant or the assessor to appear at the hearing. At the conclusion of the hearing, the Board will take the matter under advisement. The Board may refer appeal forms to its real estate consultants and/or to the City Attorney for review and consider their advice in its deliberations.
You present two questions for our resolution:
 1. During a Board hearing relating to an assessment of property within your municipal district, does the Board have the right to restrict your participation in the hearing to a 3 minute presentation as set forth in Resolution 99-1(7), quoted supra?
 2. Can the Board refer appeal forms to its real estate consultants and/or the City Attorney for review, and consider their advice in deliberations?
We find the following Louisiana statutes and Civil Code Articles relevant to your first question:
 R.S. 1 § 3. Words and phrases; how construed
 Words and phrases shall be read with their context and be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
 The word "shall" is mandatory and the word "may" is permissive.
 R.S. 1 § 4. Unambiguous wording not to be disregarded.
 When the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit.
 Civ. Code Art. 9. Clear and unambiguous law
 When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.
Applying the above rules of statutory construction and interpretation to the law controlling this issue, we note that Section 1931 clearly and unequivocally mandates that you shall act in a nonvoting advisory capacity to the Board during hearings on cases involving assessments of property situated in your district. It places no limitations on this advisory capacity.
Obviously, it is also within the power and authority of the Board to promulgate procedural rules governing the manner in which its hearings are conducted. However, this authority must be carefully balanced against the advisory authority you possess under Section 1931. We find the procedural rule set forth in Paragraph (7), quoted supra, limiting your participation to "the opportunity to present evidence with a maximum of 3 minutes allowed" to be inconsistent with the spirit, as well as the clear and mandatory language of Section 1931. Hopefully, the Board, with input from the individual assessors, can implement a policy which effectively balances the Board's right to the orderly conduct of its hearings with the assessor's right to serve in an advisory capacity for such hearings. We turn now to your second question.
While you are accorded the authority to act in a nonvoting advisory capacity to the Board pursuant to Section 1931, we find no prohibition in that, or any other law, against the Board obtaining and/or considering advice from its own real estate consultant(s) and/or the City Attorney in its deliberations. We find this to be within the inherent authority of the Board to effectively carry out its duties.
This is not to say that the Board can replace the assessor with an outside contractor consultant. However, it can seeksupplemental advisory services from its real estate consultants, if necessary.
Trusting this adequately responds to your inquiries, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/sfj